## ST. PAUL HILTON HOTEL v. COMMISSIONER OF TAXATION.

214 N. W. 2d 351.

January 18, 1974—No. 44047.

*Warren Spannaus,* Attorney General, and *Edwin P. Lee,* Special Assistant Attorney General, for relator.

*Altman, Geraghty, Mulally & Weiss* and *Judd S. Mulally,* for respondent.

---

[1] A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 1.6, p. 33.

Heard before Knutson, C. J., and Otis, Peterson, MacLaughlin, and Yetka, JJ., and considered en banc.

PETERSON, JUSTICE.

The commissioner of taxation, by writ of certiorari, seeks reversal of a Tax Court decision holding that the state sales tax may not be imposed on the mandatory service charge which respondent, St. Paul Hilton Hotel, adds to the price of banquet meals served in its hotel. We affirm.

The basic facts concerning the service charge in issue are not in dispute. The St. Paul Hilton Hotel, among its other food services, offers the use of banquet rooms for receptions and dinners. The customer is billed for the total number of meals served at a stated price per meal, to which the appropriate sales tax is added. A mandatory service charge in the amount of 12 percent of the meal charge is separately stated and added to the customer's bill.

The service charge, as the Tax Court found, is apportioned among waiters, waitresses, banquet captains and managers, and sales employees who "book" the banquet. Although the formula for distribution among the employees is not fully developed in the record, there is unchallenged testimony that no part of the service charge goes to the hotel-employer as operating revenue. The apportioned sums are paid to the employees as a supplement to their regular fixed wages. We may assume this practice of dual compensation is not unknown to those who negotiate employment agreements for "tip employees" as one segment of the personnel of a major hotel or restaurant. It surely is not unknown to collectors of state and Federal income taxes, and this employer treats these additional sums as wages in the payment of payroll taxes and the withholding of individual income taxes.

The sole issue is whether the stated "service charge" for banquets, as distinguished from the "tip" paid by an individual diner, is deductible from the gross receipts of a sale [1] as provided

---

[1] It is undisputed that a "sale" occurs within the meaning of Minn. St. 297A.01, subd. 3(c), in conducting a banquet, and that the total

by Minn. St. 297A.01, subd. 8, which reads in part:

" 'Sales price' means the total consideration valued in money, for a retail sale whether paid in money or otherwise * * *. A deduction may be made for charges for services that are part of the sale * * * only if the consideration for such charges is separately stated."

The commissioner of taxation by regulation interprets the statute as follows:

Minn. Reg. Tax S. & U. 9(L). "A customer tip which is given directly to an employee in cash or which is added by the customer to his bill, which amount is then charged by the seller to the customer's account to be turned over in full to the employee, is exempt from the sales tax if the amount of such tip is wholly in the discretion or judgment of the customer. However, an amount or flat percentage, whether designated as a tip or as a service charge, that is added to the price of meals pursuant to a requirement of the seller furnishing such meal, is a part of the selling price of such meals and is subject to the tax regardless of whether the amount or flat percentage may be subsequently paid over in part or in whole by the seller to his employees."

We hold, in agreement with the conclusions of the Tax Court, that the commissioner's regulation is clearly inconsistent with the plain words of the statute. The service charges constitute "charges for services that are part of the sale" and they are "separately stated." The purported distinction between discretionary "tips" and mandatory "service charges" squares neither with the statute nor familiar customary meaning in the market place.[2] The "tip" following a meal in, say, a fine restaurant is

---

amount paid by the customer, including the mandatory service charge, constitutes "gross receipts" as defined in § 297A.01, subd. 9.

[2] Webster's New International Dictionary (2 ed. 1947), p. 2652 defines "tip," as a verb, as "to give a fee, or gratuity, to; as, to *tip* a servant"; Webster's New World Dictionary (2nd college ed. 1970), p. 1491 defines it as "to give a small present of money to (a waiter, porter, etc.) for some service."

so mandated by social custom, even as to a percentage of the bill, that it is for all practical purposes as much an expected "fee" for service as it is a "present" expressing appreciation for being served. Testimony in the record establishes that the mandatory service charge has evolved as a convenient substitute for the voluntary tip, a practice accommodated by the general language of the statute.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

MR. JUSTICE TODD took no part in the consideration or decision of this case.