FONTANA D'OR, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (5th Division)    No. 63205

Opinion filed December 30, 1976.

Edward A. Berman Ltd., of Chicago (Edward A. Berman and Lewis W. Schlifkin, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court affirming a decision of defendant (Department) assessing plaintiff for unpaid retailers' occupation taxes plus interest and penalties. It contends that retailers' occupation taxes are not due on a 15% "gratuity" charge separately contracted for by its customers.

Plaintiff operates a catering business in its dining halls in the city of Chicago. Following several audits of its books and the issuance of a notice of tax liability, the Department held hearings at which the following facts found in the referee's hearing disposition order were adduced.

Dorothea Taitel, a Department auditor, testified that she examined plaintiff's records and found that plaintiff was deducting "gratuities" which were contracted for and paid by its customers from the gross receipts which were reported to the Department. The total amount of gratuities deducted during the assessment period from January 1969 through January 1972 was $297,698.63.

Henry Jasek, a Department auditor, testified that plaintiff's payroll records showed its employees, such as its waitresses, cooks and bus boys, were paid a salary based upon an hourly rate. Plaintiff's W-2 forms did not show any tips given to its employees.

George Micelli, plaintiff's president and part owner of the corporation, testified on plaintiff's behalf. A sample contract and breakdown sheet admitted in evidence was explained by him. In pertinent part it showed the following:

| | |
|---|---:|
| 90 Plates at $7.75 | $697.50 |
| 15% Gratuity | 104.62 |
| 5% Sales Tax | 34.87 |
| 20 Bottles Rose' Wine | 60.00 |
| | $896.99 |
| Less Deposit | 100.00 |
| | $796.99 |

Every customer was quoted a sales price plus a 15% "gratuity," even when the contract did not contain an itemized breakdown sheet. The tax was charged to the customer on the sales price excluding this 15% "gratuity," and the amount collected was remitted to the Department. Micelli testified that the 15% "gratuity" paid by the customer was a mandatory charge not subject to negotiation between plaintiff and its customer. No correlation existed between the amount of "gratuities" collected from the customers and the amounts paid as salaries to plaintiff's employees.

The hearing referee found that plaintiff was attempting to deduct a portion of its payroll expenses from its gross receipts and held that the 15% charge was not a gratuity. He assessed plaintiff's liability as follows:

| | |
|---|---:|
| State Retailers' Occupation Tax Deficiency | $ 31,055.19 |
| Municipal    "          "       "      " | 7,244.69 |
| Plus 5% Penalty | 1,914.99 |
| Interest computed thru September 30, 1974 | 18,766.94 |
| Total Liability | $58,981.81 |

Thereafter, plaintiff filed a complaint for review of the Department's decision under the Administrative Review Act. (Ill. .Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) On September 30, 1975, the trial court affirmed the Department's decision and entered judgment for the amounts of interest and penalties remaining unpaid.

OPINION

Plaintiff contends retailers' occupation taxes are not due on the 15% "gratuity" charge separately contracted for by its customers. Section 1 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440) defines "gross receipts" from the sales of tangible personal property at retail as the total selling price or amount of such sales. That section further

provides that "selling price" or "amount of sale" means the consideration for a sale valued in money including both cash and services as "determined without any deduction on account of the cost of the property sold, the cost of materials used, *labor or services cost* or any other expense whatsoever," but excluding State or local taxes. Ill. Rev. Stat. 1975, ch. 120, par. 440. (Emphasis added.)

In *Cohen v. Playboy Clubs International, Inc.* (1974), 19 Ill. App. 3d 215, 311 N.E.2d 336, this court held a mandatory 15% service charge which was separately stated on Playboy's customers' bills to be includable within, and not deductible from, the selling price of food and drinks sold by Playboy. There, as here, plaintiff argued the service charge was a tip or gratuity. Nonetheless, we rejected characterizing the service charge as a gratuity where a fixed percentage was mandatorily required of all customers.

In the instant case, plaintiff's president admitted the 15% "gratuity" was a mandatory charge to all customers and was not subject to negotiation. We cannot accept plaintiff's argument that it acted as a mere conduit for its customers' gratuities in light of the evidence that no correlation existed between the amount of gratuities paid by the customers and the salaries of plaintiff's employees. The gratuity charge for services which were incidental to and an inseparable part of the transfer of the catered meals is includable in plaintiff's gross receipts. See *Snite v. Department of Revenue* (1947), 398 Ill. 41, 74 N.E.2d 877.

Plaintiff's reliance upon *Big Foot Country Club v. Wisconsin Department of Revenue* (1975), 70 Wis. 2d 871, 235 N.W.2d 696, is misplaced. In holding that the country club's mandatory 15% service charge was not a part of its gross receipts subject to Wisconsin's sales tax, the court specifically found the charge had been adopted by a vote of the club's members, and, thus, was a mere codification by the club's by-laws of the social custom of tipping. Here, the "gratuity" did not represent a voluntary payment by plaintiff's customers, but rather a nonnegotiable, mandatory portion of the customer's bill. Moreover, a close reading of the Technical Information Memorandum of the Wisconsin Department of Revenue delineated in *Big Foot* shows that the instant gratuity would be taxable under the State's taxing scheme.[1]

---

[1] "(g) A customer tip which is given directly to an employee in cash or which is added by the customer to his bill, which amount is then turned over in full to the employee is exempt from the sales tax, if the amount of such tip is wholly in the discretion or judgment of the customer. (However, an amount of flat percentage, whether designated as a tip or as a service charge, that is added to the price of meals pursuant to a requirement of the seller furnishing such meal is a part of the selling price of such meals and is subject to the tax regardless of whether the amount or flat percentage may subsequently be paid over in part or in whole by the seller to his employees)." *Big Foot Country Club v. Wisconsin Department of Revenue* (1975), 70 Wis. 2d 871, 875, 235 N.W.2d 696, 698.

We are also persuaded in our holding, although not controlled by, the similar position taken by the taxing bodies in 12 other States (*Cohen v. Playboy Clubs International, Inc.* (1974), 19 Ill. App. 3d 215, 222, 311 N.E.2d 336, 341) and the similar holdings of the courts of other jurisdictions. *Baltimore Country Club, Inc. v. Comptroller of the Treasury* (1974), 272 Md. 65, 321 A. 2d 308; *Youngstown Club v. Porterfield* (1970), 21 Ohio St. 2d 83, 255 N.E.2d 262; *contra, St. Paul Hilton Hotel v. Commissioner of Taxation* (1974), 298 Minn. 202, 214 N.W.2d 351.

For the reasons given, we affirm the order of the circuit court.

Affirmed.

MEJDA and SULLIVAN, JJ., concur.