**SUMMIT CLUB, INC., Petitioner,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 02T05–8802–TA–00005.**

Tax Court of Indiana.

Sept. 9, 1988.

N. Reed Silliman, Baker & Daniels & Shoaff, Fort Wayne, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Summit Club appeals the final determination of the Department of Revenue, which denied Summit Club's claim for refund of sales tax paid on 15% gratuity service charges.

The parties stipulated the facts as follows. Summit Club is a not-for-profit private club located in Fort Wayne, Indiana. It operates a restaurant and bar for its members.

Summit Club's board of directors adopted house rules, including the following:

CASH, TIPPING, BILLING:

No cash is accepted at the club. Members and spouses sign for all services.

. . . .

A 15% service charge is automatically added to all food and beverage charges. In lieu of tipping, this service charge is remitted to the service personnel. If your service has been exceptional and you wish to tip more than the 15%, please indicate this on your check by writing "EXTRA" and the amount or percentage you wish to add.

This policy was adopted for the members' convenience, as well as to establish a generally acceptable tipping standard, and to avoid the handling of cash.

Members received a monthly billing for food and beverage charges. The 15% gratuity service charge was separately stated on a member's monthly bill. A member who was not satisfied with the food and beverage service could contact the Summit Club office to have the 15% gratuity service charge reduced or deleted. Three or four members complained about the service each year. Although Summit Club had no official policy on the subject, it deleted the 15% gratuity service charge from the member's bill in every case.

Restaurant Marketing Associates, Inc. (RMA) provided food and beverage service for Summit Club. RMA's employees operated Summit Club's restaurant and bar; Summit Club had no employees in this area. RMA charged Summit Club for the direct cost of operating the restaurant and bar, including recruiting and employment expenses. RMA did not include the 15% gratuity service charges as a direct cost.

Summit Club credited the 15% gratuity service charges as a separate line in its financial records. It directed to whom, the amount, and when RMA should distribute the charges. The 15% gratuity service charge was separately stated in the RMA employees' compensation and gratuity checks.

The Department conducted a sales tax audit on Summit Club for tax years 1983 through 1985, which resulted in an assessment of sales tax on the 15% gratuity service charges collected by Summit Club. Summit Club's protest was denied, as was its claim for refund. This appeal followed.

Two issues are presented by this case: (1) whether the 15% gratuity service charge collected by Summit Club is taxable under IC 6–2.5–4–1(e); and (2) whether the Department of Revenue properly imposed a penalty under IC 6–8.1–10–2.

Summit Club contends that the 15% gratuity service charges are not subject to sales tax as "bona fide charges ... made for ... service performed in respect to the property transferred" because the club members voluntarily pay such charges. The Department contends that the 15% gratuity service charge is taxable under IC 6–2.5–4–1(e) because the charge is mandatory rather than voluntary.

IC 6–2.5–4–1(e) (1982) provides:

The gross retail income received from selling at retail is only taxable under this article to the extent that the income represents:

(1) the price of the property transferred, without the rendition of any service; and (2) any bona fide charges which are made for preparation, fabrication, altera-

tion, modification, finishing, completion, delivery, or other service performed in respect to the property transferred before its transfer, and which are separately stated on the transferor's records.

The Department argues that according to the plain language of the statute, the 15% gratuity service charge is taxable. It characterizes the 15% gratuity service charge as a bona fide charge made for the delivery of food. Summit Club responds that only bona fide charges made by retail merchants are subject to sales tax under IC 6–2.5–4–1(e) and that if the club member voluntarily pays the 15% gratuity service charges, then such a charge is not a bona fide charge made by a retail merchant.

The Department also argues that the 1987 amendment to IC 6–2.5–4–1 constitutes proof that the legislature intended IC 6–2.5–4–1(e) (1982) to include charges such as the 15% gratuity service charge, because to hold otherwise would render the amendment meaningless. IC 6–2.5–4–1(g) (Supp. 1987), effective September 1, 1987, provides:

> Gross retail income does not include income that represents charges for serving or delivering food or beverages furnished, prepared, or served for consumption at a location, or on equipment, provided by the retail merchant. However, the exclusion under this subsection only applies if the charges for the serving or delivery are stated separately from the price of the food or beverages when the purchaser pays the charges.

Summit Club disagrees, arguing that the effect of the amendment is to exclude all service charges from sales tax, whether voluntary or mandatory and since voluntary charges were excluded from sales tax under the pre-amendment statute, the amendment is not rendered meaningless by a holding that the Summit Club's 15% gratuity service charge is not subject to sales tax because it is voluntary.

## DECISION & DISCUSSION

■ While this is a case of first impression in Indiana, many cases from other jurisdictions address the subject. These cases have varying results, depending on the the facts and circumstances and the language of the statutes.

The decision of the Illinois Appellate Court in *Sangamo Club v. Department of Revenue* (1983), 115 Ill.App.3d 617, 71 Ill. Dec. 429, 450 N.E.2d 1308 is persuasive. The court held that a 15% gratuity charge imposed by non-profit club was not subject to sales tax because the charge was voluntary rather than mandatory. The parties had stipulated that the club's bylaw was a codification of the general custom of tipping. The court found that the charge was voluntary as the result of the voluntary and discretionary act of the club members through its board of directors. The court concluded that "since these fixed 15% gratuity charges were imposed as a voluntary and discretionary act of the members of the clubs, they are not to be included in gross receipts for the purpose of the imposition of occupation taxes." *Id.*, 71 Ill.Dec. at 431, 450 N.E.2d at 1310.

Likewise, the Wisconsin Supreme Court in *Big Foot Country Club v. Wisconsin Department of Revenue* (1975), 70 Wis.2d 871, 235 N.W.2d 696, held that

> this mandatory 15% add-on service charge is a mere codification by the club's bylaws of the social custom of tipping. Without this bylaw, the members undoubtedly would tip a percentage approaching 15% of their bill anyway, out of social custom. It is conceded that this tip would not be subject to the sales tax. So, too, the 15% service charge should not be subject to sales tax. Both are paid to the service employees and the element of discretion as to whether to leave the 15% or not is essentially the same. Without the bylaw imposing the 15% service charge, the members' discretion to leave a 15% tip would be constrained by social custom. The social custom in this case has merely been transformed into a club bylaw. The members of the [club] collectively exercised their discretion and adopted the bylaw requiring the 15% service charge. This 15% is a reasonable amount and corresponds to the usual amount left by

the general public in public restaurants. The members, if they chose, could by simply amending the bylaws of the club, again exercise their collective discretion and increase or decrease the amount to be added onto their bills. Although this 15% is called a service charge, it is more appropriately viewed, under the circumstances of this case, as a gratuity or tip for the service employees. As such, it is not part of the gross receipts of the appellant. *Id.*, 235 N.W.2d at 699.

This Court agrees with the basic reasoning of the courts in *Sangamo Club* and *Big Foot.*

■ No cash is used in transacting business at Summit Club. All charges are signed for and billed to the members monthly. The amount of the gratuity service charge is automatic, but can be increased or decreased by the club members. The gratuity in question within a public restaurant would either be not left at all, left in cash on the table, or added by the customer on a credit card slip. In any event, no sales tax would be imposed on the amount. The Court finds that the 15% gratuity service charge in the case at bar is in lieu of the above methods of paying the gratuity. In light of the foregoing, the issue of whether the penalty was properly imposed under IC 6–8.1–10–2 is moot.

IT IS THEREFORE ADJUDGED AND DECREED that the 15% gratuity service charge upon which the sales tax was imposed is not subject to sales tax and the Respondent, Indiana Department of State Revenue, is ordered to refund to the Petitioner, Summit Club, the sum of $21,201.55, together with interest thereon.