FOURNET, Chief Justice.
 

 Miss Virginia Brookshire, claiming to be entitled to recognition as special legatee under the provisions of the will of the late William Ruxton, deceased, prosecutes this appeal from a judgment of the District Court dismissing her opposition to the Second Provisional Account and plan of distribution filed by the executor.
 

 William Ruxton died testate at his domicile in New Orleans on the 9th of March, 1951, leaving neither ascendants nor descendants. His last will and testament, executed December 4, 1947, contained the provision : ■ “ * * * Second: I give and bequeath unto M.iss Virginia Brookshire, of Hendersonville, North Carolina, the sum of Ten Thousand Dollars ($10,000.00) cash, provided however, that she be still unmarried at the time of my death. In the event she not be unmarried at the time of my death, then I direct that the aforementioned bequest of Ten Thousand Dollars ($10,000.00) be added to the rest, residue and remainder of my estate to be disposed of as provided in paragraph Third hereof, and be considered as a part of my estate passing thereunder.” At the time of the testator’s death, the opponent was married to Joseph W. Appleyard; the executor, therefore, following the directive of the testator, added the $10,000 to the residue of the estate.
 

 The opponent, relying on Article 1519 of the LSA-Civil Code, contends that a provision concerning her marital status at the time of the testator’s death is a condition
 
 contra bonos mores
 
 and hence reputed not written.
 

 Under the express provisions of the LSA-Civil Code, “The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing con
 
 *1091
 
 trary to law or good morals”, Article 1527, but “ * * * those which are contrary to the laws or to morals, are reputed not written.” Article 1519. In the instant case, it cannot be said that the provision in the will had a deterrent effect on the opponent, as she was not apprised of it until the decedent’s death; but conceding, without deciding, that a legacy conditioned upon the legatee remaining unmarried is against the public policy of this State, it is apt to observe here that the provision under consideration is not one forbidding the donee to marry during her lifetime or even for a fixed period of time, nor one that directs the legacy shall lapse in case the legatee should marry in the future, but rather one that is conditioned upon her status at the time of the testator’s death. Certainly, such a provision is not against good morals, and we know of no law prohibiting the same.
 

 The argument that the testator had no motive impelling him to insert such a provision in his will, and that if there were such a motive it was one based upon his whim or caprice, has no basis in law, because under the clear provisions of Article 1527, supra, a donor may dispose of his property as he pleases and his motive cannot be inquired into except when the condition is considered to be morally or legally impossible.
 

 For the reasons assigned, the judgment appealed from is affirmed,