June Graham Blue, Plaintiff-Appellant, v. Francis N. Bryant, et al., Christian Old People's Home of St. Louis, a Corporation; Mother's and Babies Home, a Corporation; Lincoln Christian College, a Corporation; First Christian Church of Clinton, Illinois, a Corporation, and Ura Clark Fuhrman, Executor of the Will of Carrie M. Graham, Deceased, Defendants-Appellees.

**Gen. No. 10,764.**

Fourth District.

December 29, 1966.

Herrick, Rudasill & Moss, of Clinton (A. J. Rudasill and Ray Moss, of counsel), for appellant.

Smith & Smith, and Emerson M. Williams, of Clinton, for appellees.

CRAVEN, P. J.

This is an appeal from a decree of the circuit court of DeWitt County dismissing a complaint seeking the construction of a paragraph in the last will of Samuel C. Graham, deceased, and for an accounting of certain personal property Carrie M. Graham allegedly received by the terms of that paragraph. The circuit court entered a decree, final in form, dismissing the action on the basis of laches.

Although the circuit court did hear the testimony of two witnesses, the essential elements of this case are supplied by a stipulation of the parties. From this we learn that Samuel C. Graham died testate in October of 1957, leaving him surviving his widow, Carrie Graham, and a brother, George Graham, as his only heirs-at-law. The will of Samuel Graham made certain specific bequests not here material and then contained a paragraph bequeathing to his wife "all the rest and residue of my personal property of every kind and character, but my will further is that in case my said wife, Carrie M. Graham, at

the time of her death should then have any of my personal property remaining . . . ," such personal property shall go to June Graham Blue, plaintiff in the instant proceedings.

A specific devise of his residence was made to his wife, and the remainder of the testator's real estate was devised to his wife for life and on her death to June Graham Blue "to have and to hold to her and the heirs of her body; provided, however, in case my said niece, June Graham Blue, should die without heirs of her body, then I give and devise said real estate to my brother, George F. Graham, if he be then living." A gift over in the event of the death of George was also contained in the will.

The estate of Samuel C. Graham was administered in the then county court of DeWitt County, the will admitted to probate, the wife was named executor, an inventory filed and usual administration had. In the course of the administration of that estate the executor filed a petition to sell real estate to pay debts, setting forth in the exhibit attached thereto a deficit in the personal estate in excess of $32,000.

The plaintiff in the present proceeding was made a party-defendant in that proceeding. Summons was issued and served on the plaintiff in January of 1959. She did not appear nor make any objection of any kind. In due course a decree was entered providing for the sale of said real estate, and pursuant thereto a private sale was had of 40 acres of real estate belonging to the decedent, Samuel Graham. John Blue, husband of the plaintiff, was the purchaser of the real estate and the court approved the sale by the executor. Ultimately the final report in the estate of Samuel Graham was filed and approved without objections thereto by the plaintiff.

In November of 1958, Carrie Graham, as executor of her husband's estate, filed an Illinois inheritance tax return and on the appropriate schedule of that return listed all

property held in joint tenancy by the deceased and her as his wife. That return, as filed, showed a deficiency in the personal estate in the amount hereinabove mentioned.

Carrie Graham died testate in May of 1963. Ura C. Fuhrman, the named executor in her will, filed a petition to admit the will to probate and was duly appointed executor of the estate.

By the instant proceedings the plaintiff seeks an accounting of the personal property allegedly received by Carrie Graham and not consumed by her during her lifetime by reason of the quoted paragraph in the last will of George Graham. Plaintiff likewise seeks a construction of that paragraph. It is essentially the position of the plaintiff that laches is not here applicable because of the intimate personal relationship existing between the parties and for the further reason that the rights or interests of the plaintiff as a beneficiary in the will of Samuel Graham were dependent upon contingencies or conditions so as not to give rise to the possibility of equitable action until the termination of the life estate.

█ We concur in the action of the circuit court of DeWitt County in dismissing this proceeding on the grounds of laches. The plaintiff was a party to and notified of the various steps in the administration of the estate of Samuel Graham. By her failure to object she acquiesced in those proceedings including the proceedings to sell real estate to pay debts and the inheritance tax proceeding. It was there disclosed that the personal estate of the decedent carried a deficit balance. The joint tenancy property was not included in that personal estate. If that property did not pass to Carrie Graham by reason of survivorship, plaintiff was then fully entitled to so assert. She failed to do so and her failure to do so may well have deterred Carrie Graham from renouncing the will and taking her statutory interests.

The real estate that was sold to pay debts was property in which the plaintiff had an interest sufficient to then invoke equitable jurisdiction.

Taking the record as we now find it, an accounting as sought would be a useless act, for no personalty was in existence to pass under the quoted paragraph of the will to the plaintiff regardless of its construction.

■ The equitable doctrine of laches is not merely a matter of time but is time coupled with neglect or omission to assert a right as will operate to bar relief. In Pyle v. Ferrell, 12 Ill2d 547, 552, 147 NE2d 341, 344 (1958), the court stated:

> "Laches, or the doctrine of stale demand, as it is sometimes termed, is a defense peculiar to equity which is bottomed on the reluctance to aid one who has knowingly slept upon his rights and acquiesced for a great length of time, (19 Am Jur, Equity, sec 489,) and its existence depends on whether, under all circumstances of a particular case, a plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did. (McCartney v. McCartney, 8 Ill2d 494 [134 NE2d 789 (1956)].) Although laches is defined by one authority as such delay in enforcing one's rights as will work to the disadvantage of another, (30 CJS, Equity, sec 112,) it is, unlike limitations, not a mere matter of time but principally a question of the inequity of permitting the claim to be enforced, an inequity founded upon some change in the condition or relation of the property and parties, and where there is such a change as to make it inequitable to grant relief, it will be refused. (McKey v. McKean, 384 Ill 112 [51 NE2d 189 (1943)].) Laches is, therefore, such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other

circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (Curtis v. Curtis, 398 Ill 442 [75 NE2d 881 (1947)]; Gaffney v. Harmon, 405 Ill 273 [90 NE2d 785 (1950)]; Carlson v. Carlson, 409 Ill 167 [98 NE2d 779 (1951)].)" . . .

Here, as in the cited case, the facts meet the equitable requirements for laches and demonstrate conclusively that the long delay in bringing the action, considering the nature of the property interest, is an absolute bar to the present proceedings.

The circuit court of DeWitt County properly so determined. Having so determined, the taking of evidence on matters of construction was not necessary. For the reasons stated, the decree of the circuit court of DeWitt County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.