*In re* ESTATE OF FORREST L. GEHRT, Deceased (Betty Bocock Shaw, Plaintiff-Appellant, v. Julius M. Gehrt, Jr., *et al.*, Defendants-Appellees).

Fourth District No. 4—85—0005

Opinion filed June 20, 1985.

Ted Crewell, of Pelini, Crewell & Sheffler, of Champaign, for appellant.

Lawrence R. Hatch and Arnold F. Blockman, both of Hatch, Blockman, McPheters & Fehrenbacher, of Champaign, for appellees.

JUSTICE MORTHLAND delivered the opinion of the court:
Plaintiff filed a petition in the circuit court of Champaign County

to construe the will of Forrest L. Gehrt. The will itself was executed on January 15, 1976, and provided for the distribution of the residue of his estate as follows:

"12. 1/18 to the following-named children of Edna Bocock, deceased:

Randall Bocock
Charles Bocock
Harold Eugene Bocock
Phyllis Cooper
Margaret Young
Darlene O'Brien."

The testator, Forrest L. Gehrt, on June 8, 1977, executed a first codicil to his will providing:

"As and for this codicil, I wish to amend Item 12 of subparagraph C of paragraph THIRD of my said will, and in that Item 12 there was provision for HAROLD EUGENE BOCOCK. Since the said Harold Eugene Bocock died earlier this year, I wish to provide that the share which would have gone to him go to his widow.

I, therefore, do hereby strike out the name Harold Eugene Bocock as a beneficiary in said Item 12 of subparagraph C of paragraph THIRD of my said will; and insert in lieu thereof, BETTY BOCOCK, to be beneficiary thereunder and to receive the part and bequest of my estate that was previously given to Harold Eugene Bocock, but provided that in case she remarries before the time of my death, then I do not wish the bequest to go to her; but direct, in that event, that the said share previously provided for said Harold Eugene Bocock shall go to his remaining brothers and sisters named in said Item 12.

In all other respects I hereby ratify, republish and reaffirm my said Last Will and Testament of January 15, 1976."

The petition to construe alleged that after the decedent's execution of the first codicil, as set forth above, and before his death, the plaintiff, Betty Bocock, remarried. The petition asked that the court construe the marriage restriction as an invalid restraint on marriage, and that said restraint be declared void as against public policy. The petition prayed that the executors be directed to distribute to plaintiff the part of the estate given to her in the codicil free of the void restraint or restriction.

The trial court denied plaintiff's prayer for relief and the plaintiff appeals.

The parties agree that the provision in the codicil requiring that

plaintiff be unmarried at the time of testator's death in order to receive a share under the codicil is a condition precedent. The plaintiff says the condition precedent is violative of public policy and void. The defendant contends that there is no restraint on plaintiff since the interest of plaintiff either vests or not at the date of the death of the testator depending on plaintiff's marital status at the time, not at some later time.

The plaintiff calls attention to Restatement of Property sec. 426, at 2487 (1944), which provides that:

"(1) An otherwise effective condition precedent, special limitation, condition subsequent, or executory limitation which is designed to prevent the acquisition or retention of an interest in land or in things other than land in the event of remarriage is valid where the person restrained is the spouse of the person imposing the restraint.

(2) In cases not within Subsection (1), an otherwise effective condition precedent, special limitation, condition subsequent or executory limitation which is designed to prevent the acquisition or retention of an interest in land or in things other than land in the event of remarriage is valid unless it is found to be unreasonable, in which case the restraint is invalid."

■ The plaintiff, in her brief, admits that she was not the spouse of the decedent; therefore, according to her, subsection 2 of section 426 of the Restatement of Property would apply to her status. She contends that the validity of the restraint depends upon defendants' ability to show that the restraint is reasonable. On the other hand, the defendants contend that the burden of proving unreasonableness rests with the plaintiff if such inquiry is necessary. We hold that a reading of the section in question leads unequivocally to the conclusion that the burden is on the plaintiff to show that the restraint is unreasonable. The section states that various methods designed to prevent acquisition of an interest in land or things other than land in the event of remarriage *are valid* unless found to be unreasonable.

■ We do not find it necessary in this case to even go into the question of unreasonableness of the restraint. While we find no Illinois case directly on point, we consider that the case of *Succession of Ruxton* (1955), 226 La. 1088, 78 So. 2d 183, deals with almost the identical situation and is persuasive. In *Ruxton,* the court dealt with the following language in the will:

" '*** Second: I give and bequeath unto Miss Virginia Brookshire, of Hendersonville, North Carolina, the sum of Ten Thousand Dollars ($10,000.00) cash, provided however, that she be

still unmarried at the time of my death. In the event she not be unmarried at the time of my death, then I direct that the aforementioned bequest of Ten Thousand Dollars ($10,000.00) be added to the rest, residue and remainder of my estate ***.' " (226 La. 1088, 1090, 78 So. 2d 183, 184.)

The court upheld the condition precedent, stating:

"[C]onceding, without deciding, that a legacy conditioned upon the legatee remaining unmarried is against the public policy of this State, it is apt to observe here that the provision under consideration is not one forbidding the donee to marry during her lifetime or even for a fixed period of time, nor one that directs the legacy shall lapse in case the legatee should marry in the future, but rather one that is conditioned upon her status at the time of the testator's death. Certainly, such a provision is not against good morals, and we know of no law prohibiting the same." 226 La. 2d 1088, 1091, 78 So. 2d 183, 184.

In Illinois it is well established that the will only speaks as of the date of death of the testator. (*Lydick v. Tate* (1942), 380 Ill. 616, 628, 44 N.E.2d 583; *In re Estate of Taggart* (1973), 15 Ill. App. 3d 1079, 305 N.E.2d 301.) In the case we here consider, the testator, Forrest L. Gehrt, could have, for any reason, changed his codicil at any time prior to his death. He could have, at the time of plaintiff's remarriage, immediately executed another codicil cancelling the gift to the plaintiff, and could have given that portion of property to others. He can validly accomplish the same result by using the language that he did in the codicil in this case. We believe the language in *Ransdell v. Boston* (1898), 172 Ill. 439, 446, 50 N.E. 111, 114, is appropriate where the court says:

"While it is of the first importance to society that contract and testamentary gifts which are calculated to prevent lawful marriages or to bring about the separation or divorcement of husbands and wives should not be upheld, it is no less important that persons of sound mind and memory, free from restraint and undue influence, should be allowed to dispose of their property by will, with such limitations and conditions as they believe for the best interest of their donees."

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN, P.J., and WEBBER, J., concur.