*In re* MARRIAGE OF LYDIA M. FRAZIER, n/k/a Lydia M. Stanton, Respondent-Appellant, and WILLIAM E. FRAZIER, Petitioner-Appellee.

Third District   No. 3—90—0210

Opinion filed November 30, 1990.

Roy A. Sabuco, of Rudman & Sabuco, of Joliet, and Philip J. Vacco, of Wilson & Vacco, of Hinsdale, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Respondent Lydia M. Frazier appeals from a judgment reducing petitioner William E. Frazier's child support obligation and ordering him to pay attorney fees.

■■ Initially, we note that William has not filed a brief in this case. However, since the record is simple and the claimed errors can be decided without an appellee's brief, we elect to address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that William and Lydia were divorced in 1984. Under the dissolution order, William was to maintain medical insurance for their three children and pay for any medical expenses not covered by the insurance. He was also ordered to pay $200 a week in child support for the three children until their emancipation.

In 1989, William filed petitions against Lydia seeking reimbursement for medical expenses he had paid on behalf of their son Michael and a reduction in child support. Lydia filed a petition requesting that William be held in contempt for failing to pay child support.

At a hearing on the petitions, Lydia testified that in February of 1989, William had unilaterally reduced his weekly child support pay-

ment to $133. Because of additional arrearages, by April 11, 1989, he owed her $1,870 in past-due support.

Lydia further testified that their son Michael had lost his heel and part of his leg muscle in a lawn mower accident. Several days after the accident, she informed William that she had filed a guardianship action concerning the incident. However, she did not send him notice of the suit or a copy of the petition. As a result of the suit, Michael received $72,234.54, which was to be held in trust until he reached the age of majority.

William testified that he had not received notice of his wife's suit regarding Michael's accident. Since his insurance had not covered all of Michael's medical expenses, he personally paid some of the bills. He presently had about $100 in savings. He also testified that on March 16, 1989, their 18-year-old son William Jr. was expelled from high school.

After the hearing, the trial court made the following findings: (1) because of Lydia's failure to notify William about the lawsuit, she was to reimburse him for $3,000 he had expended on Michael's medical care; (2) because William owed Lydia $1,335 in past-due child support, her reimbursement obligation was lowered by that amount; (3) because of William Jr.'s emancipation and Michael's settlement, William was entitled to a $100 weekly reduction in child support; (4) the child support reduction was retroactive to March 16, 1989; (5) because of the retroactivity of the modification, William had overpaid child support by $1,287; (6) William was to pay child support of $80 per week until he had been reimbursed for the medical expenses and overpaid support; (7) William was to pay Lydia's counsel $500 in attorney fees; and (8) William's counsel was to pay Lydia's counsel $660 in attorney fees.

Lydia first argues on appeal that the trial court erred in ordering her to reimburse William for his payment of Michael's medical expenses. She contends that the trial court improperly reasoned that because of her failure to give notice to William regarding the guardianship suit, she should pay William's out-of-pocket expenses.

■■ ■ Although we have found no cases directly on point, there are two principles which guide our resolution of this issue. First, while section 11—10.1 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 11—10.1) states that in a guardianship proceeding any relative named in the petition should be given notice of the action, the notice requirement is not mandatory. (See *In re Estate of Neuf* (1980), 85 Ill. App. 3d 468, 406 N.E.2d 907.) Second, since a parent is liable for a child's medical expenses, the cause of action to re-

cover for such expenses lies in the parent, not the child. *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 491 N.E.2d 84.

■ Applying the above principles to the instant case, we find that Lydia's failure to notify William of the lawsuit did not entitle him to reimbursement from her. Instead, his cause of action lay against the tortfeasor who caused Michael's injuries. Accordingly, we reverse the finding that William should be reimbursed $3,000.

■ Lydia further argues that the court erred in reducing William's duty to pay child support by $100 per week. Noting that a modification of child support is warranted only where there is a substantial change in the circumstances of the parties (*In re Marriage of Hardy* (1989), 191 Ill. App. 3d 685, 548 N.E.2d 139), she contends that William failed to prove such a change.

The trial court's decision regarding the modification of child support will not be reversed absent an abuse of discretion. (*In re Marriage of Butler* (1982), 106 Ill. App. 3d 831, 436 N.E.2d 561.) The financial resources of a child may be considered in determining the amount of child support. (Ill. Rev. Stat. 1989, ch. 40, par. 505(2)(a).) Moreover, where a child's parents are unable to provide for his needs, his estate may be invaded to pay for his necessities. *In re Estate of Weisskopf* (1963), 39 Ill. App. 2d 380, 188 N.E.2d 726.

■ The record shows that Michael's estate far exceeded William's financial resources. Additionally, the parties' 18-year-old son was emancipated on March 16, 1989. Based on these facts, we find that the trial court did not abuse its discretion in reducing William's support obligation to $100 a week.

Lydia further argues that the court erred in retroactively applying the reduction in child support to March 16, 1989.

■ It is well settled that past-due child support payments constitute a vested and unmodifiable right. (*In re Estate of Ierulli* (1988), 174 Ill. App. 3d 134, 528 N.E.2d 1008.) Support payments may be modified only as to installments accruing after the party moving for modification has given due notice. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) Since William gave notice of his petition for modification on May 1, 1989, he was only entitled to a reduction of support retroactive to that date. Accordingly, we reduce his credit by $212.

Lydia lastly argues that the court erred in ordering William's counsel to pay her counsel only $660 in attorney fees. She contends that her counsel was entitled to $3,271.50, and that the court lacked authority to make a partial award.

■ The instant record indicates that the parties disputed the proper amount of fees and that a hearing was held on the matter. Al-

though Lydia, as the appellant in this appeal, had the burden of providing a complete record (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246), she failed to include a transcript of the hearing. In the absence of an adequate record, it is presumed that the trial court's judgment conformed with the law and had a sufficient basis in fact. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) We therefore affirm the award of attorney fees.

The judgment of the circuit court of Will County is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.

Affirmed in part; reversed in part and remanded.

GORMAN and STOUDER, JJ., concur.