CRAIN, J.
This appeal of a judgment of possession challenges the trial court's conclusion that an heir did not forfeit legacies pursuant to a no-contest clause. We reverse and remand.
FACTS
Glenn Michael Laborde died on December 19, 2012, and his will was probated on January 9, 2013. Mr. Laborde's daughter, Glynis Annette Laborde, filed a motion to contest and nullify the will. About the same time, a codicil was filed containing a no-contest clause, which pertinently provided if Glynis filed a legal action contesting any provision of the will, all bequests to her were revoked, forfeited, void, null, without effect, and lapsed. The codicil was not probated or otherwise made executory *463 until September 2016. Glynis eventually, and voluntarily, dismissed her motion before the codicil was probated, but only after the parties engaged in discovery and the executrix, Glynis' mother, filed a motion for summary judgment.
In 2016, the executrix and Glynis filed motions to be placed in possession of property pursuant to the will. The executrix then sought to enforce the no-contest clause contained in the codicil. Glynis objected to the enforcement of the no-contest clause, arguing her actions prior to the codicil being probated had no legal effect.
Before the trial court, the parties argued whether the codicil, once probated, was effective retroactively to the date of Mr. Laborde's death, placing emphasis on when the challenge was pending, not whether it was filed. The trial court refused to enforce the no-contest clause, reasoning Glynis filed her motion before she knew the codicil existed and withdrew the motion approximately six months after it was filed. The court found "the filing of the Motion contesting the Will, without knowledge of the Codicil, which Motion was subsequently withdrawn, fails to qualify as a legal action contesting the Will as contemplated by the language of the Codicil and intent of the testator." The trial court also determined Glynis did not violate the no-contest clause by other actions taken during the course of the succession, including filing a motion to traverse the detailed descriptive list and opposing a partial judgment of possession because certain property was improperly listed on an inventory. The trial court rendered a judgment rejecting the executrix's arguments and placing Glynis and the executrix in partial possession of property specified in the will.
The executrix and Mr. Laborde's other heir, Daniel Joseph Laborde, appeal, contending the trial court erred by refusing to enforce the no-contest clause. They argue Glynis filed a legal action contesting the will, therefore, pursuant to the no-contest clause, the bequests to her were revoked, forfeited, null, void, without effect, and lapsed. Glynis maintains the trial court correctly held the codicil was not effective until probated and, once probated, did not apply retroactively to Mr. Laborde's death.
DISCUSSION
This appeal challenges the trial court's finding that Glynis did not violate the no-contest clause and the judgment placing her in possession of succession property. The parties argue the resolution of the challenge depends on whether the codicil containing the no-contest clause, once probated, applied retroactively to Mr. Laborde's death, citing Louisiana Civil Code article 1605, which provides, "A testament has no effect unless it is probated in accordance with the procedures and requisites of the Code of Civil Procedure."; The parties dispute the meaning of revision comment "(b)" to Article 1605, which provides, "When a valid testament is probated, it is effective as of the date of the testator's death. See [Louisiana Civil Code] Article 935." Article 935 is entitled "Acquisition of ownership; seizin," and pertinently provides for transferring ownership of the estate to universal successors and things bequeathed to particular successors immediately at the decedent's death. We find these arguments misplaced.
A codicil is an addition or qualification to a will and is considered part of the will. In re Succession of Cannon , 14-0059 (La. App. 1 Cir. 3/25/15), 166 So.3d 1097, 1101, writ denied , 15-0816 (La. 6/5/15), 171 So.3d 948. Pursuant to Article 1605, the codicil became effective upon its probate. That is, once probated, the no-contest clause in the codicil could be enforced according to its terms. The question presented *464 here is not one of retroactivity, but the meaning of the language in the no-contest clause.
The intent of the testator is paramount in interpreting the provisions of a will. If the language of the will is clear, it must be carried out according to its written terms. See La. Civ. Code art. 1611A. The court's function is to construe the will as written, without adding words to any controversial parts under the guise of interpreting the testator's intent. See In re Succession of Boyter , 99-0761 (La. 1/7/00), 756 So.2d 1122, 1132 ; Succession of Montegut , 217 La. 1023, 1029-30, 47 So.2d 898, 900 (La. 1949). It is well-established that in interpreting wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. The testator is not supposed to be propounding riddles, but is conveying his ideas to the best of his ability so as to be correctly understood at first view. Succession of Hurst v. Gremillion , 552 So.2d 799, 801 (La. App. 1 Cir. 1989).
Mr. Laborde left no forced heirs; therefore, he was free to dispose of his estate to whomever and in any manner he wished and to impose any conditions on his bequests, as long as they contained nothing contrary to law or good morals.[1] See La. Civ. Code arts. 1519 and 1528 ; Howard v. Administrators of Tulane Educational Fund, 07-2224 (La. 7/1/08), 986 So.2d 47, 55 ; Baten v. Taylor , 386 So.2d 333, 339 (La. 1979) ; Succession of Ruxton , 226 La. 1088, 1090-91, 78 So.2d 183, 184 (La. 1955). The subject no-contest clause provides:
If my daughter, Glynis Annette Laborde, files a legal action in court contesting any provision of my April 14, 2010 will, all bequests I make to her or in trust for her benefit in that will, particularly without limit the bequest of paragraph 2.4(A), shall be revoked, forfeited, null and void and without effect, and lapse.
This language is clear and unambiguous. Mr. Laborde conditioned all bequests to Glynis upon her not filing a legal action contesting any portion of his will.
After the executrix filed the petition to probate the will, Glynis filed a motion to nullify the will and convert the proceeding to an intestate succession proceeding.[2] While acknowledging the motion was a legal action contesting the will, the trial court found the motion failed to qualify as a legal action contesting the will as contemplated *465 by the language of the codicil and intent of the testator because it was filed before the codicil containing the no-contest clause was probated and before Glynis or her attorney knew of the codicil.
The clause contains neither a knowledge requirement nor a good faith exception based on lack of knowledge. Mr. Laborde could have restricted the clause's application to legal actions filed after the codicil was probated, or after Glynis learned of its contents, but he did not. In the absence of ambiguity, the codicil's terms must be carried out as written.[3] See La. Civ. Code art. 1611A.
Glynis contends the trial court's ruling reflects its obvious awareness of the confusion created by the codicil being filed but not probated or made executory for years and by her counsel providing legally incorrect advice regarding the effect of the codicil. She essentially argues a good-faith exception should excuse her from the forfeiture provision. However, the court is not at liberty to create such an exception. The codicil provides Glynis forfeits all bequests to her by filing any legal action contesting the will, leaving no good-faith exception available.
Mr. Laborde was free to dispose of his estate as he wished. The court's duty is to follow his expressed wishes. Under the express terms enunciated by Mr. Laborde, the consequence of Glynis violating the no-contest clause is all bequests to her are revoked, forfeited, null, void, without effect, and lapsed. It was error to disregard this clearly expressed intent.
CONCLUSION
The judgment of partial possession rendered by the trial court upon finding Glynis did not forfeit the bequests to her is reversed. This matter is remanded to the trial court for further proceedings.[4] Costs of this appeal are assessed to Glynis Annette Laborde.
REVERSED AND REMANDED.
Pettigrew J. concurs and assigns reasons.
PETTIGREW, J., CONCURS AND ASSIGNS REASONS.
Considering the unique facts of this case, I concur with the majority.
However, when reading La. Civil Code Art. 1605, together with La. Code of Civil Procedure Arts. 2852 and 2853, it appears that if a petitioner files a petition to probate a testament and has possession of a codicil, the petitioner is required to attach and include the codicil with the petition to probate the original testament.
I can envision a scenario where the possessor of the codicil secretes it from the other heirs and legatees for an extended period of time without their knowledge and until after they have acted to their detriment. I believe under those circumstances the possessor of the codicil may very well have waived or lost their right to enforce the codicil.

Glynis does not challenge the no-contest clause as violating law or good morals. See La. Civ. Code art. 1519. We note, however, no-contest clauses are not expressly prohibited by Louisiana law, and since Glynis is not a forced heir, Louisiana law does not require that she receive any portion of the estate. See La. Civ. Code art. 1493 ; Succession of Wagner , 431 So.2d 10, 13 (La. App. 4 Cir. 1983) ; contrast, e.g., Fla. Stat. § 732.517. Further, we note that a no-contest clause does not foster the probate of invalid wills; rather, a successful challenge will invalidate the will, making the no-contest clause of no consequence. On the other hand, a no-contest clause will generally prevent frivolous challenges that may exhaust the estate. See Smithsonian Institution v. Meech , 169 U.S. 398, 415, 18 S.Ct. 396, 402-03, 42 L.Ed. 793 (1898) (generally recognizing no-contest clauses "are good law and good morals," because of their deterrent effect on litigation that might "[bring] to light matters of private life that ought never to be made public").

Glynis alleged the will was written when Mr. Laborde was "suffering ... of a dread disease," was heavily medicated, lacked testamentary capacity, and under undue influence. She alleged her "good faith" belief the will submitted might not be Mr. Laborde's last will and testament, claiming he informed her after that will was executed he was changing his will to reflect his original intent to equally distribute his assets between Glynis and her brother. Further, Glynis contended the will contained dispositions suggestive of "masked disinheritance" and prohibited substitutions.

Because the codicil has no knowledge requirement, we do not address whether Glynis or her attorney knew of the codicil when the will contest motion was filed.

We pretermit discussion of Daniel's additional request that we modify the trial court's judgment "out of an abundance of caution" to specifically describe the "super usufruct" set forth in the will.