SUCCESSION OF
ROBERT S. MALONEY, SR.

NO. 21-CA-683

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-214, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

November 09, 2022

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
**HJL**
**FHW**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROBERT S. MALONEY, JR.
J. Scott Loeb
Lauren F. Bartlett
Margaret M. Guidy
Jason R. Anders

COUNSEL FOR PLAINTIFF/APPELLEE-2ND APPELLANT,
KURT B. MALONEY
Michael G. Calogero

COUNSEL FOR PLAINTIFF/APPELLEE,
CRAIG STEWART MALONEY
Patrick S. McGoey
Andrea V. Timpa

**LILJEBERG, J.**

Appellants, Robert S. Maloney, Jr. and Kurt B. Maloney, seek review of the trial court's August 5, 2021 judgment that disinherited appellants pursuant to a no-contest clause contained in a codicil to their deceased father's will. Appellants contend that the trial court erred by enforcing the no-contest clause. For the reasons discussed more fully below, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

This appeal arises out of the same proceedings pending before this Court in Case No. 21-CA-618, wherein this Court affirmed the trial court's judgment that denied appellants' petition to annul three codicils executed by their late father, Robert S. Maloney, Sr.[1] After the trial court denied the petition to annul, appellee/independent executor, Craig S. Maloney, filed a motion on May 27, 2021, seeking to disinherit appellants, as well as their sister, Julie Ann Maloney Wenck, pursuant to a no-contest clause contained in the first codicil executed by the decedent on June 15, 2018, which provides as follows:[2]

> 12.1 I hereby specifically disinherit each and every legal heir of mine, and each and every legatee, substitute/alternate legatee, legatee by accretion, by representation or otherwise under the 2012 Will or under this Codicil or any subsequent, and each and every person claiming under any of said legal heirs or legatees, who either (a) contests the 2012 Will, this Codicil, or any subsequent codicils to the 2012 Will; or (b) seeks to impair or invalidate any of the provisions of the 2012 Will, this Codicil, or any subsequent codicils to the 2012 Will; or (c) conspires with or voluntarily assists anyone attempting to do any of the aforementioned acts. And, in that event, all legacies, bequests, and interests devolving as a result of my death to my legal heir, or bequeathed under the 2012 Will, this Codicil or any subsequent codicils to the 2012 Will to said legatee, shall be forfeited and shall devolve to the herein named alternate legatee of said legacy, bequest, and interest provided that said legal heir or alternate legatee has not participated in any of the aforementioned acts; or alternatively (b) if no such alternate legatee(s) or legal heir(s) exist, said legacies,

---

[1] The decedent executed a notarial will on December 21, 2012, and then executed three subsequent codicils to the will each in notarial form, on June 15, 2018, August 28, 2018 and February 26, 2019. A codicil is an addition or qualification to a will and is considered part of the will. *Succession of Laborde*, 17-1334 (La. App. 1 Cir. 5/31/18), 251 So.3d 461, 463.

[2] The trial court denied appellee's request to enforce the no-contest clause against Julie Ann Maloney Wenck. Appellee did not appeal this portion of the trial court's ruling and therefore, it is not at issue before this Court.

bequests, and interests shall become part of the rest and remainder of my estate.

12.2 Any and all expenses which are incurred by my executrix/executor in defense of any such contest or other attack of any nature upon any provision of the 2012 Will, this Codicil, or any subsequent codicils to the 2012 Will shall be paid as expenses of administration from my estate. An action for declaratory relief or interpretation of the 2012 Will and any codicil thereto, shall constitute a contest of, and an attack on, the 2012 Will, this Codicil, or any subsequent codicils to the 2012 Will if the purpose of such action is to oppose, impair or invalidate any of the provisions thereof.

In his motion to enforce the no-contest clause and disinherit appellants as legatees under the will and codicils, appellee alleged that by filing the petition to annul the codicils, appellants violated the no-contest clause. As a result, appellee requested that the trial court order that all legacies devolving to appellants as legatees be forfeited. Following a hearing on July 27, 2021, the trial court granted the motion to enforce the no-contest clause, and on August 5, 2021, the trial court entered a written judgment granting the motion and disinheriting appellants. Appellants both filed timely petitions for a devolutive appeal, which the trial court granted.

## LAW AND DISCUSSION

Appellants contend that the trial court committed reversible error by granting appellee's motion to enforce the no-contest clause.

The intent of the testator is paramount in interpreting the provisions of a will. *Succession of Williams*, 608 So.2d 973, 975 (La. 1992). If the language of the will is clear, it must be carried out according to its written terms. La. C.C. art. 1611(A). A testator who leaves no forced heirs is free to dispose of his estate to whomever and in any manner he wishes and to impose any conditions on his bequests, as long as they contain nothing contrary to law or good morals. *See* La.

C.C. arts. 1519,[3] 1528;[4] *Succession of Robinson*, 52,718 (La. App. 2 Cir. 6/26/19), 277 So.3d 454, 458, *writ denied*, 19-1195 (La. 10/15/19), 280 So.3d 613.

A no-contest clause, also referred to as an *in terrorem* clause, is a testamentary provision providing for the revocation of a bequest if a legatee contests the validity of the will. *Id.* No-contest clauses are not expressly prohibited by Louisiana law. *Id.; Succession of Laborde*, 251 So.3d at 464; 10 La. Civ. L. Treatise, Successions and Donations, §13.10, *citing Succession of Rouse,* 80 So. 229 (La. 1918).

Appellants do not contend that the no-contest clause is ambiguous. Rather, appellants first argue that the entire no-contest clause is unenforceable and impermissibly overbroad because Section 12.2 prohibits a legatee from seeking an interpretation of the provisions of the will or codicils. This argument is without merit as appellants fail to recognize the entirety of the language contained in Section 12.2, which states that an action seeking an interpretation is a contest to the will or codicil "if the purpose of such action is to oppose, impair or invalidate any of the provisions thereof." Second, even if this provision were overbroad, it would not affect the request to disinherit appellants as they did not merely seek an interpretation of the codicils; they sought to have them declared null and void, which is a violation of the provisions set forth in Section 12.1.

Appellants further argue that Section 12.1 of the no-contest clause is contrary to public policy because it applies to future codicils, thereby rendering subsequent alterations to the will infallible even if the testator loses capacity at a later date. They argue that this provision is invalid because it could allow a situation where "a testator could, in fact, lose all testamentary capacity, but

---

[3] La. C.C. art. 1519 provides that "[i]n all dispositions *inter vivos* and *mortis causa* impossible conditions, those which are contrary to the laws or to morals, are reputed not written."

[4] La. C.C. art. 1528 provides that "[t]he donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals."

lawfully make alterations without restraint or review." Appellee argues in response that if appellants met their burden of proving by clear and convincing evidence that the decedent lacked testamentary capacity at the time he executed each codicil, the no-contest clause would have been declared invalid and of no consequence, *citing Succession of Laborde*, 251 So.3d at 464, fn. 1. Appellee further contends that appellants not only sought to annul "future" codicils, but also the June 2018 codicil containing the original no-contest clause.

The no-contest clause contained in Section 12.1 of the June 2018 codicil provides that a legatee who contests the 2012 will or the June 2018 codicil is disinherited. The parties do no dispute that appellants are named as residual legatees in the 2012 will and subsequent codicils. There is also no dispute that appellants contested the June 2018 codicil, as well as the subsequent codicils by filing the petition to annul the codicils. We recognize that a situation could exist where a legatee seeks to annul a subsequent codicil after an alleged loss of testamentary capacity, and an executor seeks to enforce a no-contest clause contained in an earlier provision. However, we do not need to consider this issue as appellants sought to annul the June 2018 codicil that contained the no-contest clause and failed to meet their burden to prove that this codicil was null.

Furthermore, even if the portion of the no-contest clause applying to future codicils is unenforceable, it would not affect the remaining provisions in Section 12.1 of the June 2018 codicil, which serve to disinherit a legatee who contests the existing June 2018 codicil. As explained above, the codicil is part of the will, and Section XI of the will provides that if any provision "is declared invalid, illegal or inoperative for any reason, the remaining provisions hereof shall not be invalid and shall be given full force and effect."

Finally, appellant, Kurt Maloney, raises an additional argument in his appellate brief claiming that the judgment granting the motion to enforce the no-

contest clause and request to disinherit is premature prior to a resolution of the appeal of the March 24, 2021 judgment in Case No. 21-CA-618 denying the petition to annul the codicils. We find that this argument is also without merit. First, Kurt Maloney did not file an exception of prematurity in response to appellee's motion to enforce the no-contest clause.[5] In addition, Kurt Maloney did not appeal the March 24, 2021 judgment denying the petition to annul. Robert Maloney's appeal of that ruling is devolutive and therefore, did not suspend the effect of the March 24, 2021 judgment. Furthermore, La. C.C.P. art. 2088 provides that while trial courts are divested of jurisdiction of all matters in the case that are reviewable under the appeal, they maintain jurisdiction to proceed with issues remaining in the trial court proceedings not reviewable under the appeal. *See Succession of McLean*, 580 So.2d 935, 943 (La. App. 2nd Cir. 1991), *writ denied*, 584 So.2d 682 (La. 1991).

Accordingly, we affirm the trial court's August 5, 2021 judgment that disinherited appellants, Robert S. Maloney, Jr. and Kurt B. Maloney, pursuant to a no-contest clause contained in the June 2018 codicil to their deceased father's will.

**AFFIRMED**

---

[5] La. C.C.P. art. 926(A) provides that objections regarding prematurity may be raised through a dilatory exception. Section B provides that "[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 9, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-683

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
JASON R. ANDERS (APPELLANT)
ANDREA V. TIMPA (APPELLEE)

LAUREN F. BARTLETT (APPELLANT)
MCCLAIN R. SCHONEKAS (APPELLEE)

MICHAEL G. CALOGERO (APPELLEE)
PATRICK S. MCGOEY (APPELLEE)

**MAILED**
J. SCOTT LOEB (APPELLANT)
MARGARET M. GUIDY (APPELLANT)
ATTORNEYS AT LAW
1180 WEST CAUSEWAY APPROACH
MANDEVILLE, LA 70471

PATRICIA G. BRECKENRIDGE (APPELLEE)
ATTORNEY AT LAW
141 EAST OAKRIDGE PARK
METAIRIE, LA 70005

APRIL L. WATSON (APPELLEE)
GREGORY S. LACOUR (APPELLEE)
KRISTINA J. FONTE (APPELLEE)
ATTORNEYS AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002